### LEE OGBURN V. THE STATE.

No. 9366. Delivered October 21, 1925.

Rehearing denied January 20, 1926.

**1.—Bringing Stolen Property into Texas—Evidence—Admission of—Harmless Error—Not Reversible.**

Where secondary evidence of the contents of letters was admitted to establish the predicate that an absent witness resided in Oklahoma, to warrant the admission of testimony given by such witness on the examining trial, it being shown, without dispute by other and direct evidence that such witness did in fact reside in Oklahoma, the error in admitting secondary evidence of such letters was harmless.

**2.—Same—Laws of other States—How Proven.**

A certified copy of the law of Louisiana, making the theft of more than one hundred dollars worth of property a felony in that state was properly admitted to prove the law of Louisiana. The certified copy of the law was prima facie evidence of the present existence of same, and if same had been amended or repealed, this was a matter of defense, which the appellant was entitled to show.

ON REHEARING.

**3.—Same—Harmless Error.**

On rehearing appellant insists that we were in error in our original opinion in holding that there was direct evidence of the residence of Mrs. Marie Preston being in Oklahoma at the time of the trial. An examination of the record confirms us in our original opinion, and the motion for rehearing is overruled.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of bringing stolen property into Texas, penalty five years in the penitentiary.

The opinion states the case.

*Kenny & Dalby* and *G. C. Barkman,* of Texarkana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Bowie County for the offense of bringing stolen property into Texas and his punishment assessed at confinement in the penitentiary for a term of five years.

By bill of exceptions No. 1, complaint is made at proof of the contents of certain letters alleged to have been received by W. G. Preston and another witness from Marie Preston, the former wife of W. G. Preston. The contents of these letters were offered for the purpose of showing that the said Marie Preston was a resident of the State of Oklahoma at the time of the trial of this case. The State was attempting to make this proof in order to enable it to introduce the testimony of the said Marie Preston given in the examining trial of the case. The letters themselves were the best evidence, and the contents thereof should not have been admitted, but this testimony was rendered entirely harmless in view of the fact that W. G. Preston, the former husband of Marie Preston, repeatedly testified without objection that the said Marie Preston was living in Oklahoma at the time of this trial. This testimony was not disputed and no issue was in any way raised on the proposition that the said Marie Preston did not in fact live in Oklahoma at the time of the trial.

Bill of exceptions No. 2 shows no error. It states no facts from which this court can determine the questions sought to be presented. Section 21, page 531, Vernon Sayles' C. C. P.

Bill of exceptions No. 3 is also without merit. This bill complains at the court's action in permitting the state to introduce in evidence a certified copy of the law of Louisiana, making the theft of more than one hundred dollars worth of property a felony. The objection being that the certified copy does not show that said act and law was in effect at the time the automobile in this case was alleged to have been stolen. The objection is not tenable. The certified copy of the law was prima facie evidence of the present existence of the same, and if the

same had been amended or repealed, this was a matter of defense which the appellant was entitled to show.

What has been said with reference to bill of exceptions No. 1, also disposes of bills four and five.

Bill of exceptions No. 6 is so meagre as to be unintelligible, and, in any event, as explained by the trial court, it shows no error.

Complaints at the court's failure to give appellant's special charges cannot be sustained. In so far as they correctly state the law of the case, same are fully covered by the court's main charge to the jury.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—Appellant earnestly contends that the facts are not sufficient to support the verdict. We have very carefully considered this complaint and are unable to agree thereto. We think on the contrary that the facts are amply sufficient.

Appellant also complains at our holding that the former husband of Marie Preston repeatedly testified without objection that the said Marie Preston was living in Oklahoma at the time of the trial. We think this holding is justified by the record. The only exception contained in the transcript to the introduction of the testimony of Preston is bill No. 1. This bill simply states that while W. G. Preston was on the witness stand testifying for the State he was permitted to testify that for several months preceding the time which he was testifying that he had received several letters from Mrs. Marie Preston, the State's witness in this case, which were written from Tulsa, Oklahoma, and that in said letters she had said she was living in Tulsa, Oklahoma. This bill shows that the testimony was objected to on the ground that the letters themselves would be the best evidence as to their contents, and that no evidence had been introduced to show that said letters had been lost or destroyed or that they could not be produced. All of the objections made to this testimony were overruled and the same was admitted before the court and jury.

We stated in the original opinion that the letters themselves were the best evidence and the contents thereof should not have been admitted, but this testimony was rendered entirely harmless in view of the fact that W. G. Preston testified without objection that the said Marie Preston was living in Oklahoma at the time of this trial.

In view of appellant's contention we have again carefully considered the testimony of W. G. Preston as shown in the statement of facts and this record conclusively shows that before any question of a letter was mentioned directly or indirectly by Preston he had made the positive and direct statement that "she (referring to his wife) is living in Oklahoma now, at Tulsa, Oklahoma." The record fails to show that any objection was made to this statement and no objection was evidently made until later on in his testimony when he began to talk about letters that he had received from her. This witness was recalled by the State and he gave the following testimony which so far as this record is concerned was given without objection: "Mrs. Marie Preston was my wife in 1921 and we were living together at the place where the automobile was found. We separated about two years ago; she did not move to Oklahoma immediately then. It was about a month after Mr. Jack Hosey had that case here in court. She is a daughter of Mr. Hosey. She has been there six or eight months and I have been hearing from her frequently since she left here. She told me she was going to live there with her father." The record seems to be clear to the effect that this testimony was introduced without objection on appellant's part, as the only bill of exception contained in the record pertaining to this matter clearly shows on its face that it was taken to the testimony given by Preston when first on the witness stand.

Believing that our conclusions reached in the original opinion are correct on this issue and that no reversible error is shown in the case, appellant's motion for rehearing is accordingly overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPLICATION FOR PERMISSION TO FILE SECOND MOTION FOR
REHEARING.

MORROW, PRESIDING JUDGE.—Upon the trial, the testimony
of Mrs. Marie Preston, given at the examining trial, was re-
produced and used against the appellant. Against its introduc-
tion, the point was made that sufficient predicate had not been
laid for reproducing her testimony. To meet the demand of
the law touching the predicate, the State relied upon the testi-
mony of W. G. Preston and of Mrs. Slocum. In a bill of excep-
tions, complaint is made of the receipt of the testimony of W.
G. Preston upon the subject. According to this bill, he testi-
fied that he had received letters from Mrs. Preston, written
from Tulsa, Oklahoma, and that in said letters she said that
she was living in Tulsa, Oklahoma. Against the receipt of this
testimony an objection was urged that the letters would be the
best evidence of their contents.

In the bill complaining of the receipt of the testimony of
Mrs. Slocum, it appears that from letters received from Mrs.
Preston from Tulsa, Oklahoma, the witness knew that Mrs.
Preston had resided in Tulsa for some three months previous
to the trial.

On the sufficiency of the predicate and the admissibility of
testimony for the purpose of reproduction of evidence, the cases
of Connor v. State, 23 Tex. Crim. App. 383; Parker v. State, 18
Tex. Crim. App. 72, are illustrative of the rule which obtains
in this State. Many other cases will be found collated in the
case of Jamail v. State, 99 Tex. Crim. Rep. 127; also in Amer.
Law Rep. Vol. 15, p. 529, note.

In addition to that which is contained in the bill, however,
Preston testifies that he and his wife lived at Texarkana at one
time. He further testified:

"* * * but she is living in Oklahoma now, at Tulsa, Okla-
homa. I got a letter from her last Friday or Saturday, from
Tulsa, and I have received letters from her off and on all the
time, about once every two weeks, and she has been at the
same place all the time. She is with her father and has been
there about seven or eight months, I guess. * * * Marie Preston
was my wife at that time, but we are separated now, and she
is living in Oklahoma with her father."

We fail to find, by cross-examination or otherwise, that the
witness Preston qualified his statement that his former wife
was living in Oklahoma or that he gave any statement that he

based his opinion upon the receipt of the letters. We have perceived no testimony in the record controverting the testimony of Preston that his former wife was residing in Oklahoma with her father. Her former testimony was in writing and properly proved on the trial. The only other fact essential as a predicate for the receipt of the testimony was that her permanent removal from the state be shown. This seems to have been shown by the testimony of Preston showing that she resided in Oklahoma and by the admissible circumstances that both he and Mrs. Slocum had received letters from her postmarked at Tulsa, Oklahoma. Proof that one is beyond the jurisdiction of the court or beyond the limits of the state may, as well as any other fact, be established by circumstantial evidence. See Connor v. State, 23 Tex. Crim. App. 384; Jamil v. State, supra. No controverting evidence having been introduced, it is believed that notwithstanding the contents of the letters and the conclusion of Mrs. Slocum may have been improperly received and could not be relied upon as a part of the predicate, the other testimony to which we have adverted constituted a sufficient predicate upon which to receive in evidence the former testimony of Mrs. Preston.

Preston also testified that Mrs. Preston had gone to Oklahoma some six or eight months before the present trial and that she told him that she was going to live with her father. Preston was a citizen of Arkansas. If the predicate showing that she was a permanent resident of Oklahoma was not adequate, her domicile, in the absence of a divorce, would apparently be the same as that of her husband in the state of Arkansas. In such case, the reproduction of her testimony was not contrary to law.

The application to file a second motion for rehearing is overruled.

*Overruled.*